UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-     1:04-CR-324
                                                                  (LEK)

RALPH PIERRE,

                Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.  Background**

On January 4, 2005, Defendant Ralph Pierre ("Defendant") appeared before this Court for sentencing subsequent to pleading guilty to a single count Indictment charging him with Aggravated Illegal Re-Entry Into the United States After Deportation in violation of 8 U.S.C. § 1326.  Minute Entry (Dkt. No. 13).  At sentencing, the Court found the Total Offense Level to be 21, the Criminal History Category to be III, and the Sentencing Guidelines imprisonment range to be forty-six to fifty-seven months.  Minute Entry (Dkt. No. 18) at 2.  The Court sentenced Defendant to a term of forty-six months imprisonment which was imposed concurrent to Defendant's New York State sentence, to be followed by three years of supervised release.  Id.  At that time, the Court indicated that in the event the Sentencing Guidelines were found unconstitutional, Defendant would be sentenced to a term of twenty-two months which would also be imposed concurrent to the New York State sentence.  Id. at 5.

Defendant appealed his judgment of conviction to the Court of Appeals for the Second Circuit, and he moved, with the United States' consent, to remand the case to this Court for consideration of resentencing.  Mandate (Dkt. No. 24).  The Court of Appeals granted that motion in

1

light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and <u>United States v. Fagans</u>, 406 F.3d 138 (2d Cir. 2005). Because Defendant preserved for appellate review the error in applying the Sentencing Guidelines mandatorily, the Second Circuit remanded the case to this Court, with instructions to vacate the sentence and resentence Defendant in conformity with <u>Booker</u>. <u>Id.</u>

 Pursuant to the mandate, the sentence previously imposed upon Defendant is hereby vacated, and for the following reasons, the Court imposes a sentence of twenty-two months imprisonment to be served concurrent with the New York State sentence, followed by three years of supervised release. As this sentence is a non-Guidelines sentence, this written opinion is issued pursuant to 18 U.S.C. § 3553(c)(2) to explain with specificity the reasons for imposing a sentence outside of the Guidelines range.

**II.** **Discussion**

 In <u>Booker</u>, the United States Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 ("SRA") mandating the application of the Sentencing Guidelines, to remedy the Sixth Amendment violations contained within the SRA. <u>Booker</u>, 125 S.Ct. at 756-57. The Second Circuit provided considerable guidance to district courts in <u>United States v. Crosby</u>, including the instruction that, when determining whether to resentence and when resentencing, district courts are obligated to consider the Sentencing Guidelines in conjunction with the other factors listed in 18 U.S.C. § 3553(a). <u>United States v. Crosby</u>, 397 F.3d 103, 111 (2d Cir. 2005). Although <u>Crosby</u> indicated that in most cases involving a procedural error in imposing a sentence, the case would be remanded to allow the sentencing judge to determine whether to resentence under the currently applicable requirements, the Second Circuit in <u>Fagans</u> held that when a defendant properly preserved his objection to the compulsory imposition of a

Guidelines sentence, the case would be remanded with instructions to vacate the original sentence and resentence in conformity with <u>Booker</u> and <u>Fagans</u>.  <u>Fagans</u>, 406 F.3d at 142.

Since the issuance of the Second Circuit's mandate in this case, the Court has reviewed all pertinent information, including, but not limited to, the Presentence Investigation Report; submissions presented by counsel subsequent to remand by the Second Circuit; the overall sentencing factors outlined in 18 U.S.C. § 3553; the Sentencing Guidelines range, which the Court again adopts as set forth and scored in the Presentence Investigation Report; and relevant case law, specifically <u>Booker</u>, <u>Fanfan</u>, <u>Crosby</u>, and <u>Fagans</u>.  The Court makes all findings now as it did at the original sentencing.

The Court imposes a non-Guidelines sentence of twenty-two months for the following reasons.  First, the Criminal History Category of III over represented the seriousness of Defendant's past criminal record, as it is based on a single prior felony conviction.  Second, Defendant has lived and was raised in the United States since being an infant and is a Canadian citizen by virtue of his birth in that country.  His attempt to reenter the United States leading to the instant federal offense was to visit family on Father's Day via an Amtrak train.  Subsequent to his prior deportation to Canada in 2002, he maintained a law abiding lifestyle and began a family of his own in Canada, which did not accompany him to the United States and gives credibility to his stated reason for entering the United States was for a visit only.

These factors, taken into consideration with relevant statutory requirements and case law, warrant a sentence of twenty-two months imprisonment, which shall run concurrently with Defendant's New York State sentence, followed by three years of supervised release.

**III.   Conclusion**

Based on the foregoing discussion, it is hereby

ORDERED, that Defendant Ralph Pierre is resentenced to a term of twenty-two months imprisonment, which shall run concurrently with Defendant's New York State sentence, to be followed by three years of supervised release; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED:   September 08, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge